IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DAVID J. DEGRAPHENREED )
)
v. ) No. 3:23-cv-00134
)
CLARENCE CARTER )

**TO:** Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

By Order entered February 22, 2023 (Docket Entry No. 4), the Court referred the above captioned civil case to the Magistrate Judge for pretrial matters under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 16), to which Plaintiff has responded in opposition. (Docket Entry No. 20.) For the reasons set out below, the undersigned respectfully recommends that Defendant's motion to dismiss be granted and this action be dismissed in its entirety.[1]

### I. BACKGROUND

David L. Degraphenreed, who also refers to himself as "David of the Family Degraphenreed" or "David-logan: (Degraphenreed)," *see* Complaint (Docket Entry No. 1) at 1, ("Plaintiff") is a resident of Nashville, Tennessee. On February 15, 2023, he filed this *pro se* lawsuit against Clarence H. Carter ("Carter"), the Commissioner for the Tennessee Department of Human Services ("DHS"). *Id.* Carter is sued in both his official and individual capacities. Plaintiff's complaint is styled as one seeking relief for violations of his civil rights and specifically

---

[1] Because dismissal will moot Plaintiff's motion for a temporary restraining order (Docket Entry No. 14), denial of that motion is also recommended.

notes that the lawsuit is brought under 42 U.S.C. § 1983. *Id*. at 3. Plaintiff seeks damages and injunctive relief. *Id*. at 5. Attached to the complaint are 46 pages of exhibits. *See* Docket Entry No. 1-2.

The lawsuit is based upon Plaintiff's contention that DHS has wrongfully pursued some type of collection proceedings against him for child support payments. He states that:

> DHS has misclassified me as an Obligor, thru semantic deceptive deceit and it has use[d] this to deprive me of my rights to [pursue] freedom and happiness; illegally seizing assets and funds that do not belong to them or have any right to; and through Non-compliance and disregardful actions to; C.F.R., T.CA., and United States Codes that the DHS must abide by and follow when administering IV-D operations, my rights were violated on numerous occasions.

*See* Complaint at 4 and Docket Entry No. 1-2 at 13. Plaintiff refers to Article VI, Cl. 3 of the Constitution and to Art. 1, §§ 1, 2, 3, 8, 17, 21, 24 of the Tennessee Constitution as the apparent constitutional provisions that he believes have been violated. *See* Complaint at 4. Although the complaint lacks clear factual allegations of the events behind the lawsuit, Plaintiff contends that he "has been unscrupulously identified and subjected to the deprivation of [his] inalienable rights by DHS and IV-D agents," that Carter is breaking his oath to support the United States and Tennessee Constitutions and is not faithfully executing his duties, and that Carter was sent a notice and "cease and desist letter" by Plaintiff but failed to respond in any manner. *See* Complaint at 4 and Docket Entry No. 1-2 at 13. Plaintiff further complains about "over a decade of bullying and harassment," that he was deceived and lied to in child support court proceedings, and that the actions of DHS have defamed him, unlawfully restricted his travel abroad, and damaged him financially. *See* Complaint at 5.

One month after filing his lawsuit, Plaintiff filed a "motion for a temporary restraining order or preliminary injunction or permanent injunction." *See* Docket Entry No. 14. Plaintiff contends that he is "still suffering from the continuation of unscrupulous actions" of agents of

2

Case 3:23-cv-00134    Document 21    Filed 08/10/23    Page 2 of 10 PageID #: 130

Defendant and requests that immediate action be taken to stop Defendant and Defendant's agents from continuing to harm him. *Id.*

In lieu of an answer, Defendant Carter filed the pending motion to dismiss, seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Carter first argues that a claim brought against him in his official capacity is equivalent to a claim brought against DHS and is barred by principles of Eleventh Amendment immunity or sovereign immunity. *See* Defendant's Memorandum in Support (Docket Entry No. 17) at 3–6. Defendant next argues that Plaintiff fails to state a claim upon which relief can be granted because he fails to set out allegations that show that his federal rights have been violated and because he fails to allege any facts that support a claim that Defendant Carter, in his individual capacity, had any personal involvement in any alleged wrongdoing. *Id*. at 6–11.

Plaintiff has responded in opposition to the motion to dismiss. *See* Response (Docket Entry No. 20). The Court will not attempt to summarize these arguments, except to note that Plaintiff appears to assert that (1) he is not an entity that is legally identifiable by either the name "David Degraphenreed" or a social security number and is thus not an obligor to DHS, (2) the Fourteenth Amendment is not valid, (3) the program for administering child support has been ruled unconstitutional, and (4) qualified immunity does not apply. *Id*.

## II.     STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim for lack of subject matter jurisdiction. Subject matter jurisdiction is a threshold issue that a court must determine before reaching other issues. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by

3

Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam).

The instant request for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept all the well-pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11–12 (6th Cir. 1987). However, Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436–37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While the Court should provide a liberal construction to the pleadings of a *pro se* plaintiff, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court is not required to supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, No. 1:11–cv–14, 2012 WL 996560, *9 (E.D. Tenn. Mar. 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000)).

### III. CONCLUSIONS

Defendant's motion to dismiss is properly granted. Even when given the benefit of a liberal construction, Plaintiff's complaint is written in such a conclusory, confusing, and vague manner that is nearly impossible to decipher from the complaint any underlying facts or to discern recognizable legal claims. Further, Defendant raises sound legal arguments for the dismissal of the lawsuit that have not been sufficiently rebutted by Plaintiff in his response to the motion. In the end, Plaintiff simply fails to raise viable legal claims for relief that save his lawsuit from dismissal.

As an initial matter, Plaintiff's lawsuit can only be read as one brought under 42 U.S.C. § 1983 for the vindication of alleged violations of Plaintiff's federal civil rights. No other basis for federal jurisdiction is set out in the complaint, *see* Complaint at 3, and the Court shall not construct a federal or state claim that is not actually alleged. To maintain an action under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Graham v. NCAA*, 804 F.2d 953, 957 (6th Cir. 1986).

Plaintiff can show the first element for a Section 1983 lawsuit. However, the Court finds that Plaintiff fails to set forth any actual claim that his federal constitutional or statutory rights have been violated. Plaintiff's complaint specifically refers to Article VI, Clause 3 of the Constitution, as the only federal constitutional provision at issue. But this provision of the Constitution does not create a protected right upon which Plaintiff may sue. Although Plaintiff also refers to several provisions of the Tennessee Constitution which he contends were violated, a claim under Section 1983 cannot be premised upon violations of a state constitution. *Luckett v.*

*Turner*, 18 F. Supp. 2d 835, 839 (W.D. Tenn. 1998). *See also Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (Section 1983 does not provide redress for a violation of state law).[2]

While it is apparent that Plaintiff disagrees with the actions taken by DHS for unpaid child support obligations, being upset about actions taken by DHS does not itself create a legal claim. Even liberally construed, the complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Plaintiff has simply not set out a discernable legal claim that DHS has violated any of his protected rights, and it is not the duty of the Court to develop and assert viable claims on Plaintiff's behalf.

It is also apparent that Plaintiff believes that he was treated unfairly in the state court child support proceeding. However, Plaintiff cannot use this federal lawsuit as a means to be relieved from child support orders or decrees that were issued in the state courts. Federal district courts do not have the authority to engage in appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). Federal courts are also generally precluded from hearing cases that involve issues of domestic relations or family law, such as the issuance of a divorce, alimony, or child custody decree. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015); *Pegram v. Ohio Child Support Div.*, No. 1:14-cv-638, 2014

---

[2] It is further well-established that Tennessee law does not recognize a private cause of action for violations of the Tennessee Constitution. *Williams v. Leatherwood*, 258 F. App'x 817, 824 (6th Cir. 2007); *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996); *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999).

WL 5107599, at *5 (S.D. Ohio Oct. 10, 2014) (federal court lacked jurisdiction over plaintiff's claims that sought the alteration of state court child support award against him).

In addition to the general inadequacy of Plaintiff's complaint in terms of setting out recognizable and viable legal claims for relief, his lawsuit is deficient in several other respects, as pointed out in Defendant's motion, and addressed as follows.

Plaintiff's claims for monetary relief under Section 1983 lack merit. To the extent that Defendant Carter is sued in his official capacity for monetary damages, Defendant is correct in arguing that such a claim must be dismissed. A suit against a state official in his official capacity, such as against Carter as the Commissioner of the DHS, is essentially a suit against DHS and the State itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Ky. v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). However, a State and its agencies cannot be sued for monetary damages by a citizen of its own state unless the state has consented to such suit or Congress has abrogated the state's immunity from suit. *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 514 (6th Cir. 2021); *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). It is well established that Tennessee has retained its immunity from claims brought against itself and its agencies under Section 1983, *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), and that Congress has not abrogated the States' sovereign immunity against Section 1983 claims, *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989).

Additionally, to the extent that Plaintiff seeks monetary relief from Defendant Carter in his individual capacity, there are no factual allegations in the complaint that support a viable claim against Carter. "Persons sued in their individual capacities under [Section] 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642,

7

647 (6th Cir. 2012). *See also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish [S]ection 1983 liability."). Because there is no *respondeat superior* liability under Section 1983, a supervisory official is not liable in his or her individual capacity unless he or she either encouraged the specific incident of misconduct or in some other way directly participated in it. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Defendant Carter has clearly been sued solely because he is the Commissioner of DHS, which cannot form the basis for a viable claim against him as an individual. There are no allegations in the complaint that Defendant Carter had any personal involvement in any matter that involved Plaintiff. Plaintiff's allegation that he sent a packet of materials to Defendant Carter as the head of DHS, but that Carter did not respond, is simply insufficient to support an individual liability claim against Carter.

Further, in addition to his requests for monetary relief, Plaintiff requests injunctive relief to halt continued collection efforts by DHS and to return to him money that has been collected from him for his child support obligation. *See* Complaint at 5. While it is at least arguable that such requests for relief are not automatically foreclosed by the doctrine of sovereign immunity, *see Ex Parte Young*, 209 U.S. 123, 159–60 (1908); *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002), these requests are nonetheless meritless. As found by the Court *supra*, Plaintiff fails to set forth in his complaint a recognizable and viable claim that he is being subjected to an ongoing violation of his federal rights that would support an award of prospective relief. Further, as found by the Court *supra*, the Court cannot grant relief that is effectively an alteration of a state court child support award. *See Shabazz v. Xerox*, No. 1:14–cv–578, 2014 WL 4181600, at *7 (S.D. Ohio Aug. 21, 2014) (collecting cases); *Pegram*, 2014 WL 5107599 at *5.

The Court has reviewed Plaintiff's response to the motion to dismiss and finds that he does not raise any arguments that rebut the dismissal of this case. Plaintiff's assertions that he is somehow exempt from child support obligations because his name has been spelled in capital letters, because DHS has not responded to the "packet" that he sent it, because he is not a person who can be identified by his name and, for that reason, he cannot be an obligor, or because a zip code was used for mailings to him are nonsensical and patently frivolous. Courts around the nation have repeatedly and completely rejected such rhetoric. *See e.g.*, *Adkins v. Kentucky,* No. 3:18-mc-26-DJH, 2018 WL 6528462, at *1 (W.D. Ky. Dec. 12, 2018) (collection of cases holding that claims premised on similar theories may be summarily rejected); *Payne v. Klida*, No. 15-CV-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) (collection of cases rejecting similar doctrines); *Woodson v. Woodson*, No. 22-MC-00003-TLP-TMP, 2022 WL 16985602, at *1–2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, No. 222MC00003TLPTMP, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (same).[3] Nor has Plaintiff shown any legal support for his assertion that the child support enforcement program or Title IV-D[4] has been ruled unconstitutional. None of the cases cited by Plaintiff in his response stand for this proposition.

---

[3] Although Plaintiff does not identify himself as a member of any specific anti-government movement, his filings are filled with contentions that are consistent with those of such movements, including for example, that spelling his name in capital letters affects his status as a free individual (Docket Entry No. 20 at 1) and that he is a "non-citizen American National" (*id*. at 5 and 20–21).

[4] Title IV-D of the Social Security Act requires all states to have a child support program. *See* 42 U.S.C. § 654. "The Tennessee Department of Human Services is the authorized state agency for the enforcement of the child support program in the State of Tennessee under Title IV-D of the Social Security Act." Tenn. Comp. R. & Regs. 1240-02-04-.01 (2022).

# RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motion to dismiss (Docket Entry No. 16) of Defendant Clarence Carter be GRANTED;

2) Plaintiff's motion for injunctive relief (Docket Entry No. 14) be DENIED; and,

3) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge